In the United States District Court
For the Middle District of Pennsylvania...

MOSER
v.
KYLER
(16 other Defendants, et al.)

FILED
HARRISBURG, PA
NOV 29 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

# 3:CV00-1846

Jury Trial Requested

## * Motion For Appointment of Counsel *

Plaintiff, JEFFERY PAUL MOSER, Pursuant to § 1915, Request this Court to "Appoint Counsel to Represent Him" in this Case for the Following Reason:

1.) The Plaintiff is unable to afford counsel!
2.) The issue envolved in this case are complex.
3.) The Plaintiff has limit access to "legal copies & legal mailing at SCI-Hunningdon as an endigent inmate, (nothing is afforded free.)
4.) The Plaintiff is in fact "A.D.A.-stardard" Disabled and medically unable litigate and recieve justice without counsel.
5.) Plaintiff, is deemed "medically disabled also as a result of mental disabilities" Bi-Polar (Federal Medical Center) and unable to litigate...
6.) The Plaintiff has a "very" limited knowledge of the law.

Pursuant 28.U.S.C. 1746.

Respectfully,
Jeffery Moser (Plaintiff)
27 Nov. 2000

Prepared with Assitance of:
P.L.M / Wayne Spencer with

IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF PENNSYLVANIA...

JEFFERY MOSER

V.

KENNETH KYLER,
(16 other Defendant sq. Et pdr.

No# 3: CV00-1846

JURY TRIAL REQUESTED

FILED
HARRISBURG, PA
NOV 29 2000
MARY E. D'ANDREA, CLERK
Deputy Clerk

\* MEMORANDUM IN SUPPORT OF THE PLAINTIFF MOTION FOR APPOINTMENT OF COUNSEL... \*

This is a civil rights case filed under (42 U.S.C. 1983) by a state prisoner and asserts claims of unconstitutional misuse of power, the denial of due process and the denial of medical care as a retaliatory tactic and/or cost saving measure...

(Statement of Facts,, in short)

The complaint alleges that the Plaintiff, is being denied proper (or) any medical treatment in some cases, for his spinal injury, terminal illness (Hep. C.), throat condition (possible cancer), as well as A.D.A. violations, (Americans with Disabilities)

On July 7th, 1999 the Pennsylvania D.O.C. took custody of the Plaintiff, fully knowing he was in need of immediate medical attention and was made aware that the Plaintiff came from a "Federal Hospital" (F.M.C. Ft. Worth) into there custody with immediate medical needs (i.e. spinal fussion operation, narcotic pain management, A.D.A. standard of living for the disabled, possible throat cancer and later noted his terminal illness (Hep. C.) liver disease. Since that reception, the Plaintiff has tried to obtain said "medical treatments, needs, medication" ordered by outside specialist (nuro-surgeon(s), M.R.I., proof in testing, and federal medical center doctors and staff. To no avail the Plaintiff

(1) →

suffer's greatly and believes "Without Court Intervention" the actions of the Defendants will cost the Plaintiff irrepairable harm and/or the Plaintiff Life. Since the Reception the Plaintiff has tried to litigate this matter in an effort to recieve assistance in medical aitentions & needs, to stop any further irrepairable harm, and/or death, but has only been meant with refusal to process the Plaintiff grievance and/or address Plaintiff grievance,.. As a result of this litigation the Plaintiff has become a "Target of Retaliation and Deliberate Indifference in all manivers of Prison Living, as well the Plaintiff suffers Discrimination greatly because of disabilities and asking for A.D.A. services and medical needs due to those disabilities. The Plaintiff, to date suffers from medical neglect, deliberate Indifference & A.D.A. violations of Discrimination...

\* <u>The Court should Appoint Counsel for the Plaintiff</u>:
In Deciding whether to appoint counsel for an indigent litigant the Court should consider "The Factual Complexity of The Case". The Ability of the indigent to Investigate the Facts, the existence of complex and/or conflicting Testimony, "The ability of the indigent to Present His Claim and the Complexity of the Legal Issue's (Abdullah v. Gunter, 949 F.2d 1032 (8th Cir. 1991) (112 S.C. 19__ (1992) In addition, Courts have suggested that the most important Factor is whether the case appears to have merit (Cooper v.s. Sargenti Co. Inc.,,, 877 F.2d 170, 173 (2nd Cir. 198_) "Each of those Factors weights in favor of appointing counsel in this case". The Plaintiff also believe "<u>Emminient Danger Issues</u>" should as well be considered.

(2)

1.) <u>Factual Complexity</u>: The Plaintiff alleges that, He suffers from medical neglect & deliberate indifference which in fact is a direct threat to His Health, Safty & Life. He challenges the Denial of medical care, the sheer Number of claims and Defendants makes this a "Factual complex case". In addition, one of the Plaintiff claims involves the Denial of medical care, it will probably be necessary to present a medical expert witness (or) to cross examine medical witnesses called by the Defendants, or Both. The Presence of medical (or) other issue's requiring expert Testimony supports the Appointment of Counsel. (<u>Moore vs. Mabus, 976 F.2d 268, 272 (5th Cir. 1992)</u>; (<u>Jackson vs. County of McLean 953 F.2d 1070, 1073 (7th Cir. 1992)</u>; (<u>Tucker vs. Randall, 948 F.2d 388, 392, (7th Cir. 1991)</u>...

2.) <u>The Plaintiff Ability to Investigate</u>: The Plaintiff is <u>Disabled</u> and without Effective Pain management and/or medical treatment, He is extremely Limited on what He is Able to Do, (Because He can only sit and stand for short Period of time, and suffer from incontinience which causes Him to "urinate (or) Deficate" on Himself from time to time, as of a Result of Nerve Damage, so the Plaintiff Has No Ability to investigate the Facts,,, without His Disabilities Hindering Him Greatly, <u>For example</u>: it was a Total Embarrassment to the Plaintiff, when He <u>"Deficated on Himself"</u> in Front of Hundreds of inmates & Guards on 11-1-2000 (<u>Report by: Dawn Mills Pa-c.</u>) But yet recieves no medical Assistance to Preserve Dignity as a Disable Human Being (A.D.A.)... A Factor also the Several Courts Have cited in cases that will Require considerable "<u>Discovery</u>" Concerning witnesses, and the Plaintiff medical History, the Defendant Records & History, support Plaintiff Request for <u>Coun</u> (<u>Tucker vs. Dickey, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985) (Need For Discovery supported Appointment of Counsel).</u>

(3)

3.) <u>Conflicting Testimony</u>: The Plaintiff account of incidents of medical indifference, retaliation and A.D.A. discrimination, are aspect that will probly be "credibility contested between the defendants and the Plaintiff. The existence of these "credibility issue's supports appointment of Counsel. (<u>Gatson vs. Couglin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988)</u>.

4.) <u>The Ability of the Indigent to Present His Claim</u>: ( <u>The Plaintiff is an indigent Prisoner with "No Legal" training, ѩ.</u>) In addition the Plaintiff is "Legally Disabled" and not able to physically do the litigation, and is <u>Denied "Debit Legal Copies 3' mailing at SCI-Hunningdon</u>, because he is indigent and this is a tactic the Defendant use to stop the Plaintiff access to the courts and litigation. A factor that supports appointment of Counsel. (<u>Whisenant V. Yuam,, 739 F.2d 160, 163 (4th Cir. 1984)</u>

5.) <u>Legal Complexity</u>: The large number of Defendants, some whom are supervisory official, outside doctors and prison officals not located at SCI-Hunningdon, for Discovery 3' Depositions, presents complex legal issue's of determining which Defendants were sufficiently personally involved in the Constitutional violation to be held liable. In addition, the Plaintiff has asked for a <u>"Jury Trial"</u>, which requires much greater legal skill then the Plaintiff has (or) can develop. (<u>Abdullah vs. Gunter,,, 949 F.2d 1032, 1036, (8th Cir. 1991) (citing Jury Trial demand as a factor supporting appointment of Counsel</u>)

— (<u>Continued</u>) <u>Closing</u> —

(4)

<u>Merit of the Case</u>:   The Plaintiff's Allegations, if Proven clearly would Establish a <u>Constitutional Violation</u>. The Allegation of <b>Denial</b> of medical care amounts to "intentionally interfering with the Treatment once Prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to Prisoner' medical needs., ( <u>Estelle vs. Gamble,,, 429 U.S. 97, 105, 97 S. Ct. 285 (1976)</u> / <u>Jones vs. US,,, 91 F.3d 623 (3rd Cir.)</u> (Denial of Needed medical Treatment Const. Violation) <u>Rhoades vs. Chapman,,, 452 US 337, 69 LEd2d 59, 101 S. Ct. 2392 (1981)</u> (Practices that envolve unnecessary and unrestricted infliction of Pain are Prohibited)   In Addition, Violation Alleged by Plaintiff of (A.D.A. Violation) if Proven, clearly would Establish a <u>Constitutional Violation</u> also. ( <u>Pennsylvania D.O.C. vs. Yeskey 118 S. Ct. 1952 (1998)</u> ( <u>Armstrong vs. Wilson,,, 124 F.3d 1019 (9th Cir. 1997)</u> (Plain Text of Title II of Americans with Disabilities Act unambiguously extends to state Prison Enmates)... On It's Face, Then, <u>This is a Meritorious Case</u>...

For the Foregoing Reasons, The Court Should "<u>Grant</u>" the Plaintiff motion and Appoint Counsel in This Case...

Respectfully Submitted

<u>Sworn Pursuant 28 U.S.C. 1746</u>.

Jeffery Paul Mosek (Plaintiff
27 Nov. 2000

<u>Prepare with Assitance of</u>:
P.L.M / Wayne Spencer wit:

(5)

513-110

| MEDICAL RECORD | CONSULTATION SHEET | | NSN 7540- |
|---|---|---|---|
| **REQUEST** | | | |
| TO: Psychiatry | FROM: (Requesting person) S. Kwatra, M.D. Medical Officer | | DATE OF REQUEST 12/7/98 |

REASON FOR REQUEST (Complaints and findings)

Very hyperactive. Being evaluated for CLBP c/o inability to sleep. Please evaluate.

PROVISIONAL DIAGNOSIS

CLBP, Drug dependence R/o Personality disorder

DOCTOR'S SIGNATURE: S. Kwatra, M.D. Medical Officer

APPROVED ☑

PLACE OF CONSULTATION: ☐ BEDSIDE  ☐ ON CALL  ☐ ROUTINE  ☐ 72 HOURS  ☐ TODAY  ☐ EMERG

RECORD REVIEWED ☑ YES ☐ NO

**CONSULTATION REPORT**

PATIENT EXAMINED ☑ YES ☐ NO

12-15

Pt is a 33 yr old MWM c̄ 2 children from Nevada.

Pt serving 6 more mos for bank fraud. 2nd incarceration.

Pt paranoid often + hears voices calling his name.

Pt has marked difficulty to sleep + anxiety. This has been present for ~5 yrs when placed in penitentiary.

PMH - Back injury, NIDDM

Social Hx - ⊕ IVDA - used amphetamines. Drank heavily (blackouts) + abused marijuana. Smokes 1 PPD

Family Hx - mother c̄ paranoia

See dictation

IMP - Axis I: Bipolar Disorder Type II

P - Depakote 250 mg po BID x 1 week, then 250 mg QAM, 500 mg QHS

Liver functions + Depakote level in 3 wks

F/u in 4 wks

S. Kwatra, M.D.
Medical Officer
12/15/98

(Continue on reverse side)

SIGNATURE AND TITLE: S Kwatra DO

DATE: 12-15-98

PATIENT'S IDENTIFICATION:
Moser Jeffery
32560-048
DOB 6/10/65

FEDERAL MEDICAL CENTER
3150 HORTON ROAD
FT WORTH, TX 76119

CONSULTATION SHEET
Medical Record

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR, FIRMR (41 CFR) 2
☆ U.S. GOVERNMENT PRINTING OFFICE 139

In the United State District Court, Middle District of Pennsylvania.

MOSER

vs.

Kyler

1:00-CV-01846

— Certificate of Service —

I, Jeffery Paul Moser, (Plaintiff) Hereby Certify That I Served a "True & Correct" Copy of the Following:

1.) Motion For Appointment of Counsel.
2.) Brief In Support of Appointment of Counsel
3.) Form Pauperis Form & Authorization, (Order of 14 Nov. C

Which is Deemed Filed, At The Time It Is Delivered to The Prison Authorities For Forwarding," (Via: Inst. Mail Box).. (Houston vs. Lack, 101 L.Ed 245 (1988), by Placing Same In A Sealed, Postage Paid Envelope Too:

※ United States District Court
228 Walnut St
P.O. Box 983
Harrisburg, Pa. 17108

(Certified Mail No# As Follows:
( 7099 3400 0015 4381 4598 )

I, Declare, Under The "Penalty of Perjury" (28 U.S.C. 1746) That The Forgoing Is "True & Correct",
(Deposited Same In The U.S. Mail Box At: SCI - Hunningdon)

Dated This 28th Day of Nov. 2000;
Sworn Too: Jeffery Moser BE4713
1100 Pike St
Hunningdon Pa. 16654

Assitance/wit: Wayne Spencer.