UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY PAUL MOSER,                :
            Plaintiff              :
                                   :
    v.                             :   CIVIL NO. 1:CV-00-1846
                                   :
KENNETH D. KYLER, ET AL.,          :   (Judge Caldwell)
                                   :
            Defendants             :

**ORDER**

FILED
HARRISBURG, PA

FEB 1 5 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

**Background**

Plaintiff Jeffrey Paul Moser, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, filed this civil rights action under 42 U.S.C. § 1983. We are considering his motion for appointment of counsel.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

In Tabron, the Third Circuit set forth the factors to be considered by a district court in deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case.

Initially, "the district court must consider as a threshold matter the merits of the plaintiff's claim." 6 F.3d at 155. Next,

if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156 (brackets added). "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel, [citation omitted], and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Id. (brackets added).

Further, under Tabron, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues"; "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation"; whether "a case is likely to turn on credibility determinations"; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf. Id. at 156, 157 n.5. Moreover, the "appointment of counsel . . . may be made at any point in the litigation and may be made by the district court sua sponte." Id. at 156.

Finally, the Tabron court acknowledged that "court's have no authority to compel counsel to represent an indigent civil litigant," id. at 157 n.6, and cautioned against the

2

indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments. Id. at 157.

Applying the relevant Tabron factors to Moser's motion, we are of the view that the appointment of counsel is not warranted at this time. While it appears that Moser's claims have arguable merit, in the pleadings submitted to date, he has demonstrated that he has some understanding of the law. Additionally, although he contends that his medical condition hinders his representation of himself, his complaint with its extensive documentary support, shows that he is capable of adequately representing himself and presenting comprehensible arguments. Moreover, the legal issues are relatively uncomplicated, and we cannot say, at least at this point, that Moser will suffer substantial prejudice if he is forced to prosecute this case on his own.

It is also important to consider the effort made to retain an attorney before asking the court to appoint one. See Tabron, supra, 6 F.3d at 157 n.5. Moser does not indicate he attempted to obtain counsel on his own before asking the court to do it for him.

Therefore, Moser's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the plaintiff.

AND NOW, this 15th day of February, 2001, it is ordered that Plaintiff's motion for appointment of counsel (doc. 7) is denied.

*William W Caldwell*
WILLIAM W. CALDWELL
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 15, 2001

Re:  1:00-cv-01846    Moser v. Kyler

True and correct copies of the attached were mailed by the clerk to the following:

Jeffrey Paul Moser
SCI-H
SCI at Huntingdon
BE-4713
Drawer R
1100 Pike Street
Huntingdon, PA  16654-1112

```
cc:
Judge                           (/)          (/) Pro Se Law Clerk   Schimelfenig
Magistrate Judge                ( )          ( ) INS
U.S. Marshal                    ( )          ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )  with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )  with Petition attached & mailed certified mail
                                     to:  US Atty Gen  ( )   PA Atty Gen ( )
                                          DA of County ( )   Respondents ( )
Bankruptcy Court                ( )
Other_____           ( )
```

MARY E. D'ANDREA, Clerk

DATE: __2/15/11__          BY: _____
                                Deputy Clerk