IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY PAUL MOSER,
          Plaintiff    :    NO. 1:00-CV-1846

vs.    :

:    JURY TRIAL DEMANDED

KENNETH D. KYLER, DR. BARDELL,
DR. FARROHK MOHADERIN, DIANA
BANEY, CAROL POLLACK, DR. SCOTT
SHUMAKER, MR. ERHARD, PAT
YAGER, and TEN OTHER UNNAMED
DEFENDANTS,
          Defendants

## DEFENDANTS, BARDEL, MOHADJERIN, SHUMAKER AND POLLACK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

AND NOW, come Defendants, Craig Bardel, M.D.; Farrokh Mohadjerin, M.D.; Scott Shumaker, M.D.; and Carol Pollack (hereinafter "Wexford Defendants" and/or "Moving Defendants"), by and through their attorneys, Lavery, Faherty, Young & Patterson, P.C., and file this Motion to Dismiss Plaintiff's Complaint and in support thereof, aver as follows:

1.    Plaintiff, Jeffrey Paul Moser, a *pro se* inmate incarcerated at the State Correctional Institution – Huntingdon, initiated this civil action by filing a Complaint pursuant to 42 U.S.C. § 1983 on or about October 18, 2000.

2. In addition to the Moving Defendants, Plaintiff's Complaint also names Kenneth Byler, Diana Baney, Mr. Erhard, Pat Yager and ten other unnamed individuals as defendants.

3. Plaintiff's Complaint was served upon Moving Defendants via a Waiver of Service of Summons dated March 2, 2001 and was received by Moving Defendants' employer on March 8, 2001.

4. Plaintiff's Complaint against Moving Defendants arises out of the conditions of his confinement at SCI-Huntingdon, including the medical treatment which he received at that facility.

5. Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

6. Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

7. The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM804 (effective October 20, 1994). With certain exceptions, DC-ADM804 § VI provides that after attempted informal resolution of the problems, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager, Community Corrections Regional Director, and a final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Medical Review Committee.

8. Plaintiff's Complaint against Moving Defendants relates to prison conditions, i.e. the medical treatment which was provided to Plaintiff while he was incarcerated at SCI-Huntingdon.

9. While Plaintiff has attached a number of documents to his Complaint and has asserted that he has exhausted the available administrative remedies, a close reading of Plaintiff's Complaint and the documents attached thereto reveals that Plaintiff has not exhausted the inmate grievance procedures with respect to the medical treatment which he received at SCI-Huntingdon.

10. In this case, Plaintiff has failed to exhaust the Consolidated Inmate Review System at SCI-Huntingdon and thus his Complaint against Moving Defendants must be dismissed for failure to exhaust available administrative remedies.

WHEREFORE, Moving Defendants respectfully request this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint and enter the accompanying Court Order.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 5/1/01

By: _____
James D. Young, Esquire
Attorney I.D. 53904
P. O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorneys for Defendants,
Craig Bardel, M.D.;
Farrokh Mohadjerin, M.D.;
Scott Shumaker, M.D.; and
Carol Pollack

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___1st___ day of May, 2001, I served a true and correct copy of the foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES via U.S. First Class mail, postage prepaid, addressed as follows:

Jeffrey Paul Moser
SCI-Huntingdon
#BE-4713
Drawer R
1100 Pike Street
Huntingdon, PA 16654-1112

Shawn P. Kenny, Esquire
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

_Linda L. Gustin_
Linda L. Gustin