ORIGINAL COPY

In the United States District Court for the
Middle District of Pennsylvania...

FILED
HARRISBURG
MAY 14 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

Jeffery P. Moser
(Plaintiff)

Vs.

Kenneth Kyler, Et. Al.,
(Defendants)

Civil No# 1:00-cv-1846

Jury Trial Demanded

Judge William W. Caldwell

\* Declaration in opposition to Defendant's Motion For Dismissal For failure to Exhaust Admin. Remedies... \*

Jeffery Paul Moser Declares under the Penalty of Perjury:

1.) I am the Plaintiff of the above mentioned case, I make this Declaration in _opposition_ to Defendants Motion to Dismiss.

2.) The Defendants Claim That Moser Failed To State A Claim In Which Relief Could Be Granted Under (R.C.P. (12)(B)(6). Moser Disagree's, Moser Believe's He Clearly Has Established Violations of The Constitution And of Other Laws The Court Can Enforce,
En Example: (Americans with Disabilities Act of 1990 - 42 U.S.C. 12.
It Has Also Been Ruled 8th Amend. Violations, To Deny Disabled Pris. Medical Treatment, Therapy, A.D.A. Housing, Ect. (Hicks V. Frey, 99 F.2d 1450, 1456-57 (6th Cir. 1993)(Weeks V. Chaboudy, 984 F.2d 185, 187-88 (6th Cir. 1993)(\* Armstrong V. Wilson, 124 F.3d 1019, (9th Cir.
A.D.A. And R.A. Applies to Enmates In State Corr. Inst.) (\* Penna. D. Vs. Yeskey, 118 S.CT. 1952 (1998) Plain Text of Title II of the Americans with Disabilities Act of 1990 Unambiguously Extends to State Prison Enmates (Estelle Vs. Gamble, 429 US. 97, 50 LEd2d 251,... 97 S.CT 285 (1976) Elem. Principles of Cruel and Unusual Punishment Clause of The Eighth Amend. Establish The Governments Obligation To Provide Medical Care →

For those whom it is punishing by incarceration.) All enclosed (in example) section of this Declaration in reference to case law and standing Regulations "Applies" to Moser Complaint and shows a clear need for the Honorable Court Hear this case and DENY the Defendants "motion to Dismiss",, as there are Constitutional violations, in which Relief CAN BE GRANTED, as a claim has been properly stated, and Moser Feels the Honorable Court would favor of Having this case Heard, as Dismissal is a very Harsh Penalty as stated in: (Johnson vs. U.S. Dept. of Treasury,,, 939 820 (9th Cir. 1991) (Hernandez vs. City of El Monte,,, 138 F.3d 3 (9th Cir. 1998)(" Dismissal is harsh Penalty and, therefore, should BE IMPOSED IN EXTREME CIRCUMSTANCES") Furthermore, Moser without counsle and with his Disabilities has done all that could reasonable expected of him, to state a claim and exhaust all his Remedies (Administrative) with this in mind the court Moser Believes Defendants motion shall be DENIED. (Hibernia N Bank vs. Chicago Transit Authority, 774 F.2d 766 (7th Cir. 1985) ( vs. U.S., 378 US 189, 12 LED2d 760, 84 S.Ct 1689 (1964)..

3.) The Defendants claim Moser (Plaintiff) did NOT Exhaust A his Administrative Remedies through the Inmate Grievance System (DC-ADM 804) in Violation of Title 42 U.S.C. 1997 (E)(A) and 362 (2) of the Prisoners Litigation Reform Act. The Plaintiff enter oppositions to this allegation, as the Plaintiff Moser did i fact exhaust all available Remedies made available to him at S.C.I. Frackville and S.C.I. Huntingdon and submitted such to Court with his Complaint. PLEASE REFERR TO PAGE (7 of 9) 3 (8 of of the Complaint which states IN PART why (Diana Baney, Pat Yag Kenneth Kyler are Defendant in this action. It was there Proven By there actions, that if they just did'nt answer and/o acknowledge, Request, Complaints and Grievances, →

(Continued)

and/or sent them back "unrecorded (or) un-numbered" with a Broll Rate Random statement, stating a Grievance Could Not Be Filed in thi[s] matter because Ms. Yager should be contacted first, when in fact Ms. Y[ager] was contacted and NEVER RESPONDED. That exhaustion could not be [met] and if Moser did seek litigation, They would just claim Moser [failed] to exhaust his remedies. By this standard as long as Ms. Yag[er] Did'nt respond Ms. Baney would NOT ACKNOWLEDGE (or) Docket any Grievance[s]. And on (0136-00) The only (of many) Grievance File that Got answered by Ms. Baney it was NOT Timely answer By Mr. Kyler [never] EVER ANSWERED by The Head Hearing Examiner Robert Bitner. So [Moser] feel he did everything within his power and requirements of t[he] PA. D.O.C. and Federal Rules of Civil Procedure to Exhaust ALL available Administrative Remedies. Furthermore, No where in 42 U[SC] 1997, (or) 3626 P.L.R.A. (or) DC-ADM-804 Does it state that If [the] Prison official Just REFUSE to acknowledge and/or answer complai[nt], Request & Grievance in Violation of the Due Process Clauses of [the] U.S. Constitution, They can have the Prisoner Civil Litigation Dismissed for Failure to Exhaust and escape all responsibility [of] There actions within the Honorable Court. All exhibit's of Exh[austion] Have been submitted to the Court, and if reviewed by the Honor[able] Court, It will see Moser even filed a Grievance about Ms. [Baney] Refusing to answer Grievances. In: (Lwin vs. I.N.S., 144 F.2d 505, (7th Cir. 1998) Agencies must respond to the Arguments made to them),,, Moser, made Every Effort to meet Exhaustion Standards till h[is] Effort Had Became "Futile" (unanswered Request, and/or Grievance) The Court Has stated: (Exhaustion of Administrative Remedies in NOT Required where it would be Futile.) (McCarthy vs. MADIGAN,,, 112 [S.Ct.] AT. 1086-88) (Tallahassee Memorial vs. Cook,,, 109 F.3d 693 [11th] Cir. 1997) (Patsey vs. Board of Regents,,, 102 S.CT 2557 (1982)[.]

Therefore Moser Has Exhausted all Remedies, and the Defendants Motion For "Dismissal" should be Denied.

(Continue)

4.) Moser declares also to the Honorable Court that attorney "Shawn P. Kenny" states in his motion that "All Grou[nds] are set forth in the supporting brief". Moser HAS NOT recie[ved] a copy of the "supporting Brief" to date (2nd day of May 2001) [to] enter his opposition, but can NOT argue what he has not served with.

5.) Moser ask's the Honorable to take in to consideration [that] Moser is a untrained Pro-Se Litigant and will once again a[sk] for Re-consideration on appointment of Counsle motion at a lat[er] date, as Moser can show the Honorable Court he has conta[cted] seural attorney's, but at this time can not afford copies to [file] said motion. Until then Moser ask the Court to reference t[he] following: (Spencer vs. Doe,, 139 F.3d 107 (2nd cir. 1998) (Green vs. Branson,, 108 F.3d 1296 (10th cir. 1997) when considering the P[laintiff's] legal submissions.

6.) In Moser "Request for appointment of Counsle" the opinion fro[m the] Honorable did state this action had: "ARGUEABLE MERIT" and "suppor[ting] evidence.

* Wherefore, opposition is hereby entered, and the Plaintiff Pray's the Honorable Court with "DENY" Defendan[ts] motion for dismissal and this case will be set for trial in the interest of Justice.    Thank you kindly.

Pusuant to 28 U.S.C. 1746 :                    Respectfully Submitted

5/3/01
(Dated)                                        Jeffery Paul Moser (Plaintiff)

Scott Wilt (witness)

In the United States District Court, For the Middle District of Pennsylvania

Jeffery P. Moser
vs.
Kenneth Kyler ET.. Al.,

Case No.# 1:00-cv-1846

\* Certificate of Service \*

I, Jeffery Paul Moser, Hereby Certify that I have on this Date Served a Copy of the Below-Referenced Document(s) upon the Person And In the Manner Below:

\* Declaration in opposition to Defendant Motion For Dismissal \*

Service By First Class Mail Addressed As Follows:

■ Shawn P. Kenny Esq.
Office of Chief Counsel
55 Utley Drive
Camphill PA. 17011

■ James D. Young Esq.
P.O. Box 1245
Harrisburg, PA. 17108-1245

(2 copies mail seperate)
■ Clerk of Court
U.S. District Court
228 Walnut St
P.O. Box 983
Harrisburg, PA 17108

Sworn to Under the Penalty of Perjury 28 U.S.C. 1746:

_____
(Witness)

Respectfully Yours,

_____
Jeffery Paul Moser (Plaintiff)

5/3/01
(Date)