● ORIGINAL ●

FILED
HARRISBURG
MAY 15 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY PAUL MOSER, | : | |
| Plaintiff | : | NO. 1:00-CV-1846 |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| KENNETH D. KYLER, DR. BARDELL, | : | |
| DR. FARROHK MOHADERIN, DIANA | : | |
| BANEY, CAROL POLLACK, DR. SCOTT | : | JUDGE WILLIAM W. CALDWELL |
| SHUMAKER, MR. ERHARD, PAT | : | |
| YAGER, and TEN OTHER UNNAMED | : | |
| DEFENDANTS, | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF DEFENDANTS, BARDEL, MOHADJERIN, SHUMAKER AND POLLACK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY:

Plaintiff, Jeffrey Moser, a pro se inmate incarcerated at SCI-Huntingdon, initiated this civil action by filing a Complaint pursuant to 42 U.S.C. § 1983 on or about October 18, 2000. In addition to the claims asserted against Drs. Bardel, Mohadjerin and Shumaker and Health Care Unit Administrator Carol Pollack, (hereinafter "Wexford Defendants" and/or "Moving Defendants") Plaintiff's Complaint also names Kenneth Kyler, Diana Baney, Dennis Erhard and Pat Yarger as Defendants.

Plaintiff's Complaint against the Wexford Defendants arises out of the conditions of his confinement at SCI-Huntingdon, including the medical treatment which he received at

that facility. Plaintiff has not, and cannot, allege that the Wexford Defendants had any involvement with his medical care prior to Plaintiff's transfer to SCI-Huntingdon on August 16, 2000. Plaintiff's Complaint was served upon Moving Defendants via a Waiver of Service of Summons dated March 2, 2001 and received by the Moving Defendants' employer on or about March 8, 2001.

Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM-804 (effective October 20, 1994), as amended. The Department of Corrections utilizes a three-step grievance system starting with an initial inmate grievance, an appeal to the superintendent and an appeal to final review which is processed by Robert S. Bitner, the Chief Hearing Examiner. See, Booth v. Churner, 206

F.3d 289, 292 n.2 (3d Cir. 2000), cert. granted 2000 W.L. 798208, 68 U.S.L.W. 3774 (U.S. 10/30/00); see also, Exhibit "A" in Wexford Defendants' Appendix of Exhibits. The Consolidated Inmate Grievance Review, as amended, currently provides for the filing of the initial grievance with the facility grievance coordinator with appeals taken to the facility manager and ultimately to the chief, Secretary's Office of Inmate Grievances and Appeals. The revisions to DC-ADM-804 also made awards of monetary relief available to inmates as of May 1, 1998, which was prior to Plaintiff's transfer to SCI-Huntingdon.

Plaintiff's Complaint against Moving Defendants relates to prison conditions, i.e. the medical treatment which was provided to Plaintiff after August 16, 2000 for his back problems while he was incarcerated at SCI-Huntingdon. In Section II of his § 1983 Prisoner Civil Rights Complaint form, Plaintiff has checked the "yes" boxes indicating that: there is a grievance procedure available at SCI-Huntingdon; a grievance was filed concerning the facts relating to this Complaint; and the grievance procedure has been completed. Although Plaintiff attaches to his Complaint 134 pages of exhibits which allegedly demonstrate that he exhausted his administrative remedies, by his own admission, however, Plaintiff did not exhaust the available grievance procedures prior to filing this civil action against the Wexford Defendants. While Plaintiff did file Grievance HUN-0136-00 on August 29, 2000, complaining about the treatment he received from Moving Defendants for his back condition, and an appeal to the Superintendent dated September 21, 2000, but Plaintiff has not exhausted all three steps of the administrative process. Moreover, Plaintiff did not request available monetary relief in HUN-0136-00,

and consequently, Plaintiff did not exhaust all of the available administrative remedies as required by § 1997e(a).

On May 1, 2001, the Wexford Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to exhaust administrative remedies. The Corrections Defendants have also filed a Motion to Dismiss, an Appendix of Exhibits and supporting Brief which are incorporated herein by reference. The Wexford Defendants have also filed an Appendix of Exhibits in support of their dispositive motion which is incorporated herein by reference. This Brief is in support of Defendants Bardel, Mohadjerin, Shumaker and Pollack's Motion to Dismiss Plaintiff's Complaint.

II.  QUESTIONS PRESENTED:

   A.  STANDARD OF REVIEW.

   B.  WHETHER PLAINTIFF'S COMPLAINT AGAINST WEXFORD DEFENDANTS MUST BE DISMISSED FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES AS REQUIRED BY THE PRISON LITIGATION REFORM ACT, AS AMENDED?

       [SUGGESTED ANSWER: YES]

III. ARGUMENT:

   A.  STANDARD OF REVIEW.

The standard to be applied in consideration of a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is well established in our jurisprudence. The Court is to accept as true all well-pleaded allegations in the complaint, along with the reasonable inferences that can be drawn therefrom and view them in the

4

light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232 (1974); Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Although the Court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions and unwarranted inferences or deductions set forth in the complaint. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997); Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Company, 113 F.3d 405 (3d Cir. 1997). Furthermore, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." Morse, 132 F.3d at 906, n. 8.

On a motion to dismiss, the court is not limited to evaluating the complaint, but can also consider "indisputably authentic document[s] that a [moving party] attaches as an exhibit to a motion to dismiss if the [non-moving party's] claims are based on the [attached] document." Pension Benefits Guarantee Corp. v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1993). The court also has power to take judicial notice of the DOC's consolidated inmate grievance system available to all of its prisoners. See Federal Rule of Evidence 201(b); Peters v. Delaware River Port Auth., 16 F.3d 1346, 1356 n. 12 (3d Cir. 1994); see also City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (on a 12(b)(6) motion, in addition to complaint, court may properly look at public records). Indeed, in Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); cert. granted, 2000 W.L. 798208, 68 U.S.L.W. 3774, the court affirmed Judge

5

Nealon's decision to <u>sua sponte</u> dismiss a civil rights complaint for failure to exhaust, citing the DOC's three-part consolidated inmate grievance system. <u>Id</u>. at 292 n.3.

The question before the Court on a motion to dismiss is whether the Plaintiff can prove any set of facts in support of his claim which entitles the Plaintiff to relief. <u>Hartford Fire Ins. Co. v. California</u>, 113 S.Ct. 2891, 2817 (1993); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990). If it is clear from the plaintiff's pleading that a defendant cannot be held liable, then dismissal of all claims against that defendant is appropriate. <u>Labov v. Lalley</u>, 809 F.2d 270 (3d Cir. 1987). The Court need not "conjure up unpled allegations or contrive elaborately arcane scripts in order to breathe life into an otherwise defective complaint." <u>Goolely v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1984). Finally, "Rule 12(b)(6) authorizes the Court to dismiss a claim on the basis of a dispositive issue of law". <u>Thomas v. Ford Motor Company</u>, 70 F. Supp. 2d 521 (E.D. Pa. 1999), (citing <u>Neitzke v. William</u>, 490 U.S. 319, 326-27 (1989)).

B. **PLAINTIFF'S CLAIMS AGAINST WEXFORD DEFENDANTS MUST BE DISMISSED AS A MATTER OF LAW FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES AS REQUIRED BY THE PRISON LITIGATION REFORM ACT.**

The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM 804 (effective October 20, 1994), as amended. The Department utilizes a three-step grievance system starting with an initial inmate grievance, an appeal to the superintendent and an appeal to final review which is processed by the Chief Hearing Examiner. The Consolidated Inmate Grievance Review, as amended, established a new procedure whereby an inmate files the initial grievance

6

with the facility grievance coordinator, with appeals taken to the facility manager and ultimately to the Chief, Secretary's Office of Inmate Grievances and Appeals. The revisions to DC-ADM-804 also made awards of monetary relief available to inmates as of May 1, 1998, which was prior to Plaintiff's transfer to SCI-Huntingdon on August 16, 2000.

Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1996 provides, in relevant part, that:

> No action shall be brought with respect to prison conditions under § 1997 of the revised statutes of the United States (42 U.S.C. § 1983), or any other federal law by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a).

Under the Rule of Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), cert. granted, ____ S.Ct. ____ 2000 WL 798208 (October 30, 2000) (a prisoner must exhaust all available administrative remedies prior to filing a "civil action with respect to prison conditions".) In Booth, the Third Circuit held that the definition of the term "civil action with respect to prison conditions" contained in 28 U.S.C. § 3626(g)(2) should be used for the purposes of § 1997(e)(a). Section 3626(g)(2) provides that the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison. This clause includes actions asserting claims ranging from excessive force to the denial of medical care. Booth, 206 F.3d at 295.

7

In Booth, the Third Circuit Court of Appeals affirmed the district court's sua sponte dismissal of the plaintiff's action pursuant to 42 U.S.C. § 1997(e)(c). Booth, 206 F.3d at 295. The rationale for the district court's order was that Booth failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997(e)(a), prior to filing his § 1983 action. Id. The district court observed that at the time Booth filed his action, the Pennsylvania Department of Corrections had a three-step grievance procedure, and that Booth had taken the first step in the process. The court also noted, however, that Booth had made no showing that he had taken the second and third steps, which required that he appeal the decision reached by the prison officials in the first step. Id.

In this case, as in Booth, plaintiff has failed to make a showing that he has exhausted all three steps of the inmate grievance process. Plaintiff placed checkmarks in the "yes" blanks contained in Section II of the complaint forms supplied by the Clerk of Court of the United States District Court for the Middle District of Pennsylvania indicating that: there is a grievance procedure available at SCI-Huntingdon; a grievance was filed concerning the facts relating to this Complaint; and the grievance procedure had been completed. Although Plaintiff attaches 134 pages of exhibits which allegedly demonstrate that he exhausted his administrative remedies, by his own admission, however, Plaintiff did not exhaust all of the available administrative remedies prior to initiating this civil action against the Wexford Defendants. (See Complaint p. 7.) While Plaintiff did file Grievance HUN-0136-00 on August 29, 2000, complaining about the treatment he received from Moving Defendants for his back condition, and an appeal to the Superintendent dated September 21, 2000, but Plaintiff

8

has not exhausted all three steps of the administrative process. Moreover, Plaintiff did not request available monetary relief in HUN-0136-00, and consequently, Plaintiff did not exhaust available administrative remedies as required by § 1997e(a).

The United States Court of Appeals for the Sixth Circuit has adopted a rule requiring inmates who file suits under § 1983 to "allege and show that they have exhausted all available state remedies." Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) cert. denied, 119 S.Ct. 88 (1998). In Brown, the court stated that a prisoner must attach to his § 1983 complaint the administrative decision showing the disposition of his grievance. This Honorable Court has also recognized that conclusory allegations of compliance with the Prison Litigation Reform Act's exhaustion requirements will not withstand a motion to dismiss. See, e.g., Curtis v. Horn, et al., No. 3-CV-00-1149 (M.D. Pa., December 18, 2000) (Conaboy, J.)) (Exhibit "C"); Brown v. Dratovich, et al., No. 3-CV-00-1158 (M.D. Pa., November 28, 2000) (Nealon, J.)) (Exhibit "D"). This rule should be applied in this case and Plaintiff should be required to affirmatively plead the nature of the administrative relief sought and the results of his efforts. This court should not allow Plaintiff's unsupported, conclusory allegations of exhaustion to frustrate the intent of 42 U.S.C. § 1997e(a). This is especially true when it is readily apparent from the face of the Complaint that the Superintendent has not ruled on the September 21, 2000 appeal and that Plaintiff has not filed any third step appeal.

In Payton v. Horn, 49 F. Supp. 2d 791, 797 (E.D. Pa. 1999), Judge Brody concluded that Plaintiff had failed to state a cause of action based upon his conditions of confinement because he had not alleged that he had exhausted his administrative

9

remedies including his appeals. Pursuant to the holding in <u>Payton</u>, Plaintiff's Complaint in this case must be dismissed for failure to exhaust available administrative remedies at SCI-Huntingdon.

The Wexford Defendants anticipate that Plaintiff may assert that it was futile to pursue the inmate grievances. The futility of the administrative remedy, however, fails to excuse inmate Moser's failure to utilize it. He has to utilize all available administrative remedies even if they are futile. The United States Court of Appeals for the Third Circuit has reached this conclusion in <u>Nyhuis v. Reno</u>, 204 F.3d 65, 72 (3d Cir. 2000), and in <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir. 2000) <u>cert. granted</u>, ___ S.Ct. ___, 2000, WL 798208 (Oct. 30, 2000). In <u>Nyhuis, supra</u>, the court concluded that Congress when it enacted 42 U.S.C. § 1997e(a) imposed an exhaustion of administrative remedies requirement even when those remedies were futile. The court rejected any futility exception to the exhaustion requirement imposed by Congress when it adopted 42 U.S.C. § 1997e(a).

In <u>Booth v. Churner, supra</u>., the Third Circuit reaffirmed its holding in <u>Nyhuis, supra</u>, and indicated that although <u>Nyhuis</u> involved a <u>Bivens</u> action brought by a federal inmate, the rule that the Court of Appeals announced in <u>Nyhuis</u>, has equal force in the § 1983 context since § 1997e(a) which applies to actions brought by a prisoner "under § 1983 of this Title or any other federal law" treats <u>Bivens</u> actions and § 1983 as functional equivalents. <u>Id</u>., 206 F.3d at 300. The Third Circuit concluded that because the inmate in <u>Booth, supra</u>, failed to exhaust his available administrative remedies

10

rather than those he believed would be effective before filing his § 1983 action, the District Court appropriately dismissed his action without prejudice.

Based upon the holdings in Booth and Nyhuis, supra., inmate Moser cannot show any justifiable reason for his refusal to exhaust his available administrative remedies provided for by the Commonwealth of Pennsylvania, Department of Corrections at DC-ADM 804. Inmate Moser's failure to utilize all three steps of the grievance process constitutes a failure to exhaust available administrative remedies for his claims against the Wexford Defendants and must result in the dismissal of his Complaint against Moving Defendants. The United States Court of Appeals for the Third Circuit mandates this result based upon its holding in Nyhuis, supra, 204 F.3d at 72. Consequently, Plaintiff's Complaint against the Wexford Defendants must be dismissed for failure to exhaust available administrative remedies.

Every other federal court to consider the issue has reached the same conclusion and has dismissed a prisoner's complaint for failure to exhaust administrative remedies. The United States Court of Appeals for the Sixth Circuit has adopted a rule requiring plaintiffs who file suit pursuant to 42 U.S.C. § 1983 to "allege and show that they have exhausted all available state administrative remedies." Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. deni. 119 S.Ct. 88 (1998) ("a prisoner shall attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint"); see also, White v. Fauver, 19 F. Supp. 2nd 305, 317 (D.N.J. 1998) (dismissing claims without prejudice for failure to allege exhaustion); Morgan v.

11

Arizona Department of Corrections, 967 F. Supp. 1184 (D.Ariz. 1997) (prisoner who did not file initial grievance failed to exhaust his administrative remedies).

Furthermore, nowhere does Moser contend that he even requested the monetary relief he now seeks. As a result, the Third Circuit's opinion in Geisler v. Hoffman, No. 99-1971 (3d Cir. 9/12/00) )unreported) (Exhibit B) warrants dismissal. In Geisler, the court upheld the dismissal of the complaint of the plaintiff, an inmate, against a private physician, Stanley Hoffman, M.D. based on 42 U.S.C. § 1983, solely because of the failure of the plaintiff to exhaust his administrative remedies provided for by DC-ADM-804. The Court of Appeals concluded that Geisler had to exhaust the administrative remedies made available to him by asking for monetary damages. "To this end, even if Geisler had brought his grievances before the two appellate tiers provided for by DC-ADM-804, exhaustion in that setting clearly would not have exhausted his current claim for monetary relief, a claim which he never even began to pursue administratively." Id., slip opinion at 4. As the court in Geisler noted, DC-ADM-804 made awards of monetary relief available to inmates as of 5/1/98, which is well before Moser filed the present lawsuit in October 2000, and for that matter, well before the complaints at issue.

Although the opinion in Geisler is not precedential because it is not published, the Wexford Defendants submit it because of the persuasiveness of its reasoning. Moving Defendants respectfully submit that in light of the Third Circuit's strict exhaustion requirements set forth in Nyhuis v. Reno and Booth v. Churner, supra, the Court of Appeals will, in a published opinion, affirm the persuasive reasoning of Geisler and hold that exhaustion requires all inmates to seek all relief available under

the Department's grievance system. Consequently, Plaintiff's Complaint must be dismissed for failure to exhaust available administrative remedies.

IV. CONCLUSION:

For the reasons advanced herein, the Wexford Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint for failure to exhaust available administrative remedies.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 5/15/2001

By: *[signature]*
James D. Young, Esquire
Attorney I.D. #53904
PO Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendants,
Dr. Bardel, Dr. Mohadjerin,
Dr. Shumaker and
Carol Pollack

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___15th___ day of May, 2001, I served a true and correct copy of the foregoing BRIEF IN SUPPORT OF DEFENDANTS, BARDEL, MOHADJERIN, SHUMAKER AND POLLACK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES via U.S. First Class mail, postage prepaid, addressed as follows:

Jeffrey Paul Moser
SCI-Huntingdon
#BE-4713
Drawer R
1100 Pike Street
Huntingdon, PA 16654-1112

Shawn P. Kenny, Esquire
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

_Linda L. Gustin_
Linda L. Gustin