JUDGE'S COPY

31
copy

FILED
HARRISBURG, PA

MAY 24 2001

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY P. MOSER, | |
| Plaintiff, | Civil No. 1:00-CV-1846 |
| v. | Judge William W. Caldwell |
| KENNETH KYLER, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

### CORRECTIONS DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION FOR RECONSIDERATION OF PLAINTIFF 'MOTION FOR APPOINTMENT OF COUNSEL' "

Corrections Defendants, through their counsel, respond to Plaintiff's Motion for Reconsideration as follows:

1. On May 16, 2001, undersigned counsel received a cover letter from Moser dated May 10, 2001, which attached to it a Motion for Re-consideration of Plaintiff [sic] "Motion for Appointment of Counsle [sic]" which has attached to it two inmate requests to staff members dated May 8, 2001 and May 4, 2001, and what purports

to be a handwritten verbatim copy of a report of an MRI performed at J.C. Blair Hospital on April 23, 2001.

2. In determining whether to appoint counsel, the Court is to consider the six factors set forth in *Tabron v. Grace, 6 F. 3d 147, 155-56 (3d Cir. 1993); see also Parham v. Johnson, 126 F. 3d 454 (3d Cir. 1997)*. However, these factors are analyzed only after the Court determines that the plaintiff's claim has "some merit in fact and law." *Parham* at 457.

3. It has been often stated that "court's will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment…[which] remains a question of sound professional judgment.'" Id. at 458; quoting *Inmates of Allegheny Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979)*. If this statement is to mean anything, it means that this claim has absolutely zero merit. This Court cannot and should not question the adequacy or propriety of the treatment being provided to Moser when in fact he is being provided treatment to this very day. Moser has not and cannot allege that Corrections Defendants denied him access to medical care or denied recommended treatment. He has seen numerous different medical providers both inside and outside the

prison for the various complaints in his Complaint. In fact, Moser attached a handwritten verbatim copy of an MRI study of his lumbar spine that was just performed on April 23, 2001, less than four weeks ago. The Corrections Defendants have discharged their constitutional duty. Moser is receiving treatment, he just does not like it.

WHEREFORE, because this claim has no merit, Moser's motion should be denied and the Complaint should be dismissed.

Respectfully submitted,
PA Department of Corrections,

By: *Shawn P. Kenny*
Shawn P. Kenny
Assistant Counsel
Attorney I.D. No. 51797
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: 5/24/01

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the below-referenced document(s) upon the person and in the manner indicated below:

Service by first class mail addressed as follows:

Jeffery P. Moser, BE-4713
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

James D. Young, Esquire
P.O. Box 1245
Harrisburg, PA 17108-1245
Counsel for Defendants Bardel, Mohadjern, Shumaker and Pollack.

*Corinne N Driver*
Corinne N. Driver
Clerk Typist II
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Fax: (717) 975-2217

Dated: 5/24/01

Re: Corrections Defendants' Response to Plaintiff's "Motion for Reconsideration of Plaintiff 'Motion for Appointment of Counsel'"
USDC-MD docket no. 1:00-CV-1846