

*Court copy / original*

# JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT FOR THE

Middle District of Pennsylvania ...

Jeffery Paul Moser

**FILED**
**HARRISBURG, PA**
vs.
**MAY 3 1 2001**
MARY E. D'ANDREA, CLERK
Per

Kenneth Kyler ET. AL.;

Civil Number: 1:00-CV-01846

Affidavit In Support of Plaintiff Brief In Opposition of Defendant(s)
Motion to Dismiss ...

*(left margin, vertical)* (CERT. MAIL. 7099 3400 0015 8312 0660)

Jeffery Moser, Being Duly Sworn, Deposes and Say's :

I am the Plaintiff In the above entitled Case, I make this Affidavit
In support of My Brief In opposition! (Plaintiff known as "Moser" hereafter?

1.) Plaintiff request the Honorable Court to enter into record (Exhibit (A)
as the Plaintiff "Brief" In opposition" which was filed (Beforehand 5/3/200)
as a Declaration, the word Brief has been amended In, And Also request
this affidavit and Brief be considered together (In whole), as the
Defendant(s) were afford a Chance to answer twice 'once Before the
Declaration and once after. "Moser" wishes the Court to make note,
that he is a Disable Prisoner (A.D.A. approved by PA. D.O.C.) who is In
Fact (1st) (First Floor restricted) due to his Disabilities and on Direct order
of the D.O.C. Medical Staff & Admin. (except for Religous Events), And has
much trouble getting to the "Prison Law Library" Regularly as it is
on the (2nd) Floor, and is not afford "Legal Access" to the Prison
Law Library at S.C.I. Hunningdon, as Moser Fears a Misconduct for
Breaking Protocol (order) and/or Further Harm to Himself,, For this
Reason Moser ask the Court to understand and make allowance for this
requested Filing, as "Moser" is unable to File a Competent Brief with-
out the Law Library, and with only the assistance of Legal Materials
within his Cell as the Law Library at S.C.I. Hunningdon makes no
special Provisions for Disabled (restricted) Prisoner In A.D.A. Compliance

2.) The Correctional Defendant(s) Claim "Qualified Immunity",
Moser Files His Formal opposition to this Claim,. as Moser
— (CONTINUED) —

Believes That (ALL) THE D.O.C. (Dept. of Correction) Defendant(s) Acted
In There "Individual Capacities" outside THE Color of Law, and
Furthermore are NOT Protected In This Case of Limability, "THE Eleven
Amendment does NOT Immunize state official For Action Taken
In There Individual Capacities"( Sulleran Vs. Barnett ,, 139 F.3d 15
(3rd Cir. 1998) (Scheuer Vs. RHODES ,, 416 U.S 232, 237-39, 40 LED2D 90,
94 S.CT 1683, 1686-87 (1974) ( mitchell Vs. Dupnik ,, 75 F.3d 517 (9Th cir.
1995) ( Hunt Vs. Bennett,, 17 F.3d 1263 (10Th CIR. 1994) ( Hill Vs. Marshall
962 F.2d 1209 (6Th CIR. 1992) ( smith Vs. Wade,,, 103 S.CT. 1625 (1983)

   Moser, Believes He Has suffer Greatly Due To THE Action(s) of
THE D.O.C. And other Defendant(s) Acting on There own, In Violation of
Moser Constitutional Rights and/or Physical well Being, and Can prove
Such at Trial, As supported By, Case Law D.O.C. Defendant(s) ARE'NOT'
Immune In This Action and "Should NOT" BE Dismissed out of This Action
By THE Honorable Court In The Interest of Justice. THE Plaintiff is
NOT opposed To Negotiate THE Removal of Some D.O.C. Defendant(s)
with D.O.C. Defendant Counsel EX-parte If THE Court Permit such.
Plaintiff, will only Consider Negotiating Where That Defendant Has made
An Honest Effort To Rectify This Situation and Has Refrained From Furth
Retaliation Towards THE Plaintiff. ..

   3.) THE Defendant(s) Claim That DC-ADM-804 Affords Inmates monitary
Damages. Moser opposes This Claim. As This Alleged Information is
"Only" NOTED on A INNER office Corraspondance Addressed Too:
            " Excutive staff 3 superentendents"
NOT Inmates "General Distribution", MOSER HAS NEVER SEEN This Alleged
Document until Now, NOR is such Information stated In General Populate
Information ( Inmate Grievance system DC-ADM-804 Oct, 20, 1994 (1998)
(Before Hand and 1998 (or) In THE New Policy Protocol That Came out onto
(effective Date Jan. 1st, 2001) "After This Action was Filed" NOR, is stated
on THE Inmate Grievance it self (SEE Exhibit (B)). Moser Believes
It Should Be Clear To THE Honorable Court, That This is information That
Kept Secret Among Excutive staff, Not made Available to THE Plaintiff
In An Effort To Escape monitary Responsibility, For Procedural Defa
Not on THE merit of THE Case, In THE Event of Civil Litigation.
A Private Loophole Tactic To ABUSE THE Plaintiff Rights and Inusit THE
Honorable Court. (ADM-804 (1994) 3 (2001) ARE Attached To Defendant(s) Filing
without This Information Enclosed . (opposition Filed) ..       -(Continued)-

4.) THE Defendant(s) Stated they "Approved & complied" with Moser A.D.A. Request. Plaintiff files his opposition to this statement "AS NOT TRUE IN PART".

Yes, Agreed the defendants Did Agreed and affirm Moser Disabled Person status. (and/or Needs)

No, THE Defendant(s) Did NOT, comply with Moser A.D.A. Request (approved) other then to Transfer Moser, to a NON-A.D.A. Compliant Prison, which refuses reconize Moser medical & housing needs as a "Approved" Disabled Person and strongly discriminate toward Moser as a A.D.A. Protected Disabled Person). Moser understands that only (4) of all Pa. D.O.C. Prisons come close to A.D.A. Compliance, and the discrimine toward the disable Prisoner in Pennsylvania Prison is statewide, ignoring the Ruling of the Honorable courts and acts of Congress (Yeskey vs. Pa. D.O.C., 118 U.S. S.CT 1952 (1998) & Americans with Disabilities Act of 1990

But, Moser feels all his A.D.A. Compliance Request are "reasonable" And unacted on, excluding the transferr. In violation of Moser Constitutional & Disabled Persons Rights as an American Citizen.

Therefore, this is an A.D.A. Civil action Brought by a disabled American Citizen (in major part) in which D.O.C. Defendant(s) and medical defendant(s) are equally culpable in. (Please see exhibit (c))

Moser, Beg's to show the Honorable court that the Defendant(s) continue daily, in there discriminatory efforts towards Moser and/or the disabled and Moser medical condition is worsening, due to the Defendant(s) action and Beg's the court for appointment of counsel, injunctive relief and to "Deny" Defendant(s) Motion to Dismiss. (New U.S. court Ruling (sup.ct.) on A.D.A. Exhaustion Not available to Moser at this time) (Medical Exhibit (D))

5.) Plaintiff has "Exhausted" all administrative remedies that were made available to him. (opposition filed to defendant claim.)

6.) THE Plaintiff has been granted Re-Parole, But is unable to be release as stated in (Exhibit (c)) D.O.C. Discrimination towards the disable (Moser), But wishes the Honorable court to know that the Plaintiff does not oppose negotiating an agreement of settlement and/or terms, with the assistance of counsel afforded to Moser. It is Moser intention to see Justice served in this matter,

(continued)

But Refuses said negotiations, untill He (moser) Is Free on His Reparole which He was granted and due, as moser fear such negotiations while still incarcerated under the Defendant(s) Rule and Long Reaching Arm of Discrimination and/or Retaliation, and so notes said Concerns Also, if this action is dismiss at this Level of Proceedings.

7.) Plaintiff Ask the Honorable Reserve all moser Appellant Rights Respectfully...

8.) The Plaintiff furthermore, Request the Honorable Court to carefully Consider all the mitigating and non-mitigating factors of this action, and in Considering all Pending motions Noting Respectfully to the Court:

That moser is in No Manner an Attorney and/or Legally Trained, Not a Lawyer with a Large Expense Account and Law Library online and/or a Law Degree, But Rather is a united states citizen whom happens to Be Disabled, who still Believe's the U.S. constitution written By the People For the People By our Founding Father, and also Believe's that Justice under the "Bill of Rights ≈ U.S. Const." should Be Afford to the "Poor, Disabled ≈ Disadvantaged" (as in this action moser is) as well as the wealthy (i.e. insurance company / state attorney of

Please Enter in Favor of The Plaintiff, Permitting This case To Be Heard in the Interest of Justice.

— Sworn Submission 28 U.S.C. 1746 —

Respectfully Submitted,

*Jeffrey Moser*

Jeffery Paul Moser (Plaintiff)

— Dated/wit/copies —                    Dated 5/25/01

IN THE UNITED STATES DISTRICT COURT, FOR THE MIDDLE DISTRICT OF Pennsylvania

JEFFERY P. MOSER

VS.

KENNETH KYLER ET. AL.,

CASE NO.# 1:00-CV-1846

\* CERTIFICATE OF SERVICE \*

I, Jeffery Paul Moser, HEREBY CERTIFY THAT I HAVE ON THIS DATE
SERVED A COPY OF THE BELOW-REFERENCED DOCUMENT(S) UPON THE PERSON(S)
AND IN THE MANNER BELOW:

— Brief —

1] \* Declaration in opposition to Defendant motion for Dismissal \*

2] \* Affidavit in support of: plus EXHIBITS.

SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

SHAWN P. KENNY ESQ.
OFFICE OF CHIEF COUNSEL
55 UTLEY DRIVE
CAMPHILL PA. 17011

JAMES D. YOUNG ESQ.
P.O. BOX 1245
HARRISBURG, PA. 17108-1245

CLERK OF COURT
U.S. DISTRICT COURT
228 WALNUT ST
P.O. BOX 983
HARRISBURG, PA 17108
(CERT.# 7099 3400 0015 8312 0666)

SWORN TO UNDER THE PENALTY OF PERJURY 28 U.S.C. 1746.

RESPECTFULLY YOURS,

(WITNESS)

JEFFERY MOSER (PLAINTIFF)
5/25/01

In The United States District Court For The
Middle District of Pennsylvania...

Jeffery P. Moser
　　(Plaintiff)

Vs.

Kenneth Kyler, Et. Al.,
　　(Defendants)

Civil No# 1:00-CV-1846

Jury Trial Demanded

Judge William W. Caldwell

－(Brief)－
* Declaration In Opposition To Defendant's Motion For
Dismissal For Failure To Exhaust Admin. Remedies... *

Jeffery Paul Moser Declares Under The Penalty of Perjury:

1.) I Am The Plaintiff of The Above Mentioned Case, I Make
This Declaration In opposition To Defendants Motion To Dismiss.

2.) The Defendants Claim That Moser Failed To State A Claim In
Which Relief Could Be Granted Under (R.C.P. (12)(B)(6).　Moser
Disagree's, Moser Believe's He Clearly Has Established Violations
of The Constitution And of Other Laws The Court Can Enforce,
   In Example: (Americans with Disabilities Act of 1990 - 42 U.S.C. 1213
It Has Also Been Ruled 8th Amend. Violations, To Deny Disabled Prison
Medical Treatment, Therapy, A.D.A. Housing, Ect. (Hicks V. Frey, 992
F.2d 1450, 1456-57 (6th Cir. 1993) (Weeks V. Chaboudy, 984 F.2d 185,
187-88 (6th Cir. 1993) (* Armstrong V. Wilson, 124 F.3d 1019, (9th Cir. 19
A.D.A. And R.A. applies To Enmates In State Corr. Inst.) (* Penna. D.O.
vs. Yeskey, 118 S.Ct. 1952 (1998) Plain Text of Title II of The American
With Disabilities Act of 1990 Unambiguously Extends To State Prison Enmates
(Estelle Us. Gamble, 429. US. 97, 50 LEd2d 251,,, 97 S.Ct 285 (1976) Elem
Principles of Cruel And Unusual Punishment Clause of The Eighth Amend
Establish The Governments Obligation To Provide Medical Care →

(Continued)

For Those whom it is Punishing By incarceration.) All enclosed in
(in example) section of this Declaration in reference to Case Law
and standing regulations "Applies" to Moser Complaint and shows a
clear need for the Honorable Court Hear this Case and Deny
the Defendants' motion to Dismiss', as there are Constitutional
violations, in which Relief Can Be Granted, as a claim has
been Properly stated, and Moser Feels the Honorable Court Would be in
Favor of Having this Case Heard, as Dismissal is a very Harsh
Penalty as stated in! (Johnson vs. U.S. Dept. of Treasury,, 939 F.2d
820 (9th Cir. 1991) (Hernandez vs. City of El Monte,, 138 F.3d 393
(9th Cir. 1998)(" Dismissal is harsh Penalty and, Therefore, should only
Be Imposed in Extreme Circumstances") Furthermore, Moser is
without counsel and with his Disabilities has done all that
could reasonable expected of him, to state a claim and Exhaust
all his Remedies (Administrative) with this in mind the Court Also
Moser Believes Defendants motion shall Be Denied. (Hibernia National
Bank vs. Chicago Transit Authority, 774 F.2d 766 (7th Cir. 1985) (Failla
vs. U.S.,, 378 US 139, 12 LED2d 700, 84 S.CT 1689 (1964)..

3.) The Defendants Claim Moser (Plaintiff) Did Not Exhaust All
His Administrative Remedies Through the inmate Grievance System
(DC-ADM 804) in Violation of Title 42 U.S.C. 1997 (e) (A) and 3626 (6)
(2) of the Prisoners Litigation Reform Act.   The Plaintiff Enters his
oppositions to this Allegation, as the Plaintiff Moser Did in
Fact Exhaust all available Remedies made available to him at
S.C.I. Frackville and S.C.I. Huntingdon and submitted such to the
Court with his Complaint. Please Refer to Page (7 of 9) 3 (8 of 9)
of the Complaint which states in Part why (Diana Baney, Pat Yager and
Kenneth Kyler are Defendant in this action. It was there Believed and
Proven by there Actions, That If they Just Did'nt Answer and/or
Acknowledge, Request, complaints and Grievances,    →

(Continued)

(7 of 11)

and/or sent them back "un-Recorded (or) un-numbered" with a Brother Plate Random statement, stating a Grievance Could not Be Filed in this matter Because Ms. Yager should Be Contacted First, When in fact Ms. Yager was Contacted and Never Responded. That Exhaustion Could not Be met and if Moser Did Seek Litigation, They Would Just Claim Moser Failed to Exhaust His Remedies. By This standard as Long as Ms. Yager Did'nt Respond Ms. Baney Would ~~Acknowledge~~ Not Acknowledge (or) Docket any Grievances, and on (0136-00) The only (of many) Grievance File That Got answered By Ms. Baney it was Not Timely answer By Mr. Kyler and Ever Answered By The Head Hearing examiner Robert Bitner. So Moser Feel He Did Everything Within His Power and Requirements of The Pa. U.O.C. and Federal Rules of Civil Procedure To Exhaust all the Available Administrative Remedies. Furthmore, No Where in 42 U.S.C. 1997, (or) 3626 P.L.R.A. (or) DC-ADM-804 Does it State That If The Prison official Just Refuse to acknowledge and/or answer Complaints, Request & Grievance in Violation of The Due Process Clauses of The U.S. Constitution, They Can Have The Prisoner Civil Litigation Dismissed For Failure To Exhaust And Escape All Responsibility For There Actions Within The Honorable Court. All Exhibit's of Exhaust Have Been Submitted To The Court, And If Reviewed By The Honorable Court, It Will See Moser Even Filed a Grievance About Ms. Baney Refusing To Answer Grievances. In:(Lwin Vs. I.N.S., 144 F.3d 505, (7th Cir. 1998) Agencies must Respond To The Arguments made by Them),,, Moser, make Every Effort to meet Exhaustion standards Till His Effort Had Became "Futile" (unanswered Request, and/or Grievance) and The Court Has stated: (Exhaustion of Administrative Remedies in Not Required Where it Would Be Futile.) (McCarthy Vs. Madigan,,, 112 S.Ct. at. 1086-88) (Tallahassee Memorial Vs. Cook,,, 109 F.3d 693 (11th Cir. 1997) (Patsey Vs. Board of Regents,,, 102 S.Ct 2557 (1982)
    Therefore Moser Has Exhausted All Remedies, And The Defendants Motion For "Dismissal" Should Be Denied.

(continue)

4.) MOSER DECLARES ALSO TO THE HONORABLE COURT THAT ATTORNEY "SHAWN P. KENNY" STATES IN HIS MOTION THAT "ALL GROUND ARE SET FORTH IN THE SUPPORTING BRIEF". MOSER HAS NOT RECIEVED A COPY OF THE "SUPPORTING BRIEF" TO DATE (2nd DAY OF MAY 2001) B_ ENTER HIS OPPOSITION, BUT CAN NOT ARGUE WHAT HE HAS NOT BE_ SERVED WITH. (MOSER RECIEVED COPY 5/17/01)

5.) MOSER ASK'S THE HONORABLE TO TAKE IN TO CONSIDERATION TH_ MOSER IS A UNTRAINED PRO-SE LITIGANT AND WILL ONCE AGAIN ASK FOR RE-CONSIDERATION ON APPOINTMENT OF COUNSEL MOTION AT A LATER DATE, AS MOSER CAN SHOW THE HONORABLE COURT HE HAS CONTACT_ SEVERAL ATTORNEY'S, BUT AT THIS TIME CAN NOT AFFORD COPIES TO F_ SAID MOTION. UNTILL THEN MOSER ASK THE COURT TO REFERENCE THE FOLLOWING: (SPENCER US. DOE, 139 F.3d 107 (2nd CIR. 1998) (GREEN USE "BRANSON, 108 F.3d 1296 (10TH CIR. 1997) WHEN CONSIDERING THE PLAINT_ LEGAL SUBMISSIONS.

6.) IN MOSER "REQUEST FOR APPOINTMENT OF COUNSEL" THE OPINION FROM T_ HONORABLE DID STATE THIS ACTION HAD: ARGUEABLE MERIT" AND "SUPPORTE_ EVIDENCE.

* WHEREFORE, OPPOSITION IS HEREBY ENTERED, AND THE PLAINTIFF PRAY'S THE HONORABLE COURT WITH "DENY" DEFENDANTS MOTION FOR DISMISSAL AND THIS CASE WILL BE SET FOR TRIAL IN THE INTEREST OF JUSTICE.    THANK YOU KINDLY...

PRSUANT TO 28 U.S.C. 1746:                    RESPECTFULLY SUBMITTED

5/3/01  RE: 5/24/01                           Jeffery Paul Moser
(DATE)                                        JEFFERY PAUL MOSER (PLAINTIFF)

                Scott Wilt
                SCOTT WILT (WITNESS)

RE: RESUBMITTED
AS (BRIEF)

Exhibit (B)

U.S. Dept of Justice

Washington, D.C.

_____

Commission on Disabled

Harrisburg PA.

On this __23__ day of __MAY__ 2001

Jeffery Paul Moser  BE 4713
1100 Pike Street  SCIH
Huntingdon,PA.16654-1112

### RE: Disabled Person Requesting Assistance

Greetings:

My name is Jeffery Moser and I am presently incarcerated at S.C.I.
Huntingdon,a Pennsylvania Correctional Facility. I am a"Legally Disabled
Person",qualified and approved by:

    a.Federal Medical Center,Forthworth,Texas
    b.Pennsylvania Department of Corrections,Camp Hill,Pa.
    c.Pennsylvania Disabilities Comm.
    d.Social Security Administration-Applicant
    e.Texas Disabilities Comm.-Applicant

My disabilities are due to a spine injury as well as some related
mental issues.I am ambulatory at this point of my life,meaning at times
I have been confined to a wheelchair,and if I don't receive my needed
spinal fussion operation shortly I maybe back in a wheelchair.I must
remain on medication to remain ambulatory,but hopefully,after my operation
this won't be the case any longer.But for now,I require doctor supervision
and medication.

I feel presently,that I am suffering from **extreme prejudice &
discrimination**, due to my disabilities,at the hands of the Pennsylvania
Dept.of Corrections.(Community Corrections Division;C.C.C.Region#'s 1,2,3)

In short,let me explain :

I was recently granted re-parole by the PA.Board of Probation &
Parole (3/30/01)attached exhibit,with the expressed condition that I
attend an'in-patient alcohol treatment(28 days),before returning home to
my wife and children and my own doctors,in Reno Nevada.On parole,I'm
instructed that I must be assigned a bed 'date'through the Region #1,C.C.C.,
1335 Cheltham Ave.Elkin,PA.19027,before I can leave prison on parole.

The problem is,to my understanding,it is a much longer wait for a
disabled prisoner to get a 'bed date' and/or released date than a non-

disabled prisoner. So,to my understanding,because I am disabled and on medication,I will be placed,only after all the non-disabled prisoners, IF EVER !

I find this in violation of the Americans With Disabilities Act, 42 U.S.C. 12132;42 U.S.C.12131:

> 'Subject to the provision of this title,no qualified individual with a disability,shall,by reason of such disability,be excluded from participation in or denied the equal benefits of services, programs or activities of a public entity. 42 12132

> and

> 'if a disabled prisoner satisfies all the eligibility requirements for some correctional service program or activity,A.D.A. prohibits state officials from discriminating against him or her,by reason of that disability.THIS MEANS STATE OFFICIALS ARE OBLIGATED TO MAKE REASONABLE MODIFICATIONS TO ENSURE THE DISABLED PRISONER IS GRANTED EQUAL ACCESS TO ALL D.O.C.PROGRAMS AND ACTIVITIES.42 12131(2).

This was also brought to the attention of the United States Supreme Court in Yeskey v. Pa.Dept.of Corrections,118,U.S.SCT.1952(1998).Plain text of Title II of the Americans With Disabilities Act,unambiguously extends to state prison inmates.Furthermore,it is so stated in Federal Grant Requirements.

> 'if a program is federally funded in part or in whole,it must be A.D.A. compliant and not discriminate toward the disabled in any manner,or risk forfieting said grants,funding and/or monies'

All these Depat.of Correction Programs,Comunity Correction Division, are in some manner,Federally Funded to my understanding.

So,I am asking your agency to enter into this situation,as an advocate on my behalf. Please investigate my claims and assist in anyway your agency possibly can to rectify this situation and stop the discrimination to me.

I presently have a lawsuit pending in part due to A.D.A.violation against the Dept.of Corrections,PA.Moser v. Kyler,1:00-CU-01846 M.D.PA./ U.S.District CT.

It is not my intention to add this situation to the afore said civil action,it is my intention ONLY to get to an in-patient alcohol treatment program(28 days)as soon as possible so that I can complete the program and return home to my own doctors and receive my spinal operation,also to be reunited with my wife and small children,without further delay due to my disabilities and/or retaliation towards me as a result of this and other correspondence seeking assistance.

I am willing to co operate with any requirement for assistance you might have. Please let me know what I must do to gain your assistance.

I,pray for your help and support in this matter and patiently await your response.

Thank you for your time and consideration in this matter.

Respectfully yours,

Date: 5/23/01

Jeffery Moser
BE 4713   SCIH
1100 Pike Street
Huntingdon,PA.16654-1112

NOTICE OF BOARD DECISION
PBPP-15(6/96)

*U.M.*
*Labor Post*

### COMMONWEALTH OF PENNSYLVANIA
### PENNA. BOARD OF PROBATION AND PAROLE

DATE: 03/30/2001

CLIENT NAME:  JEFFREY MOSER                    PAROLE NO: 6625W
INSTITUTION:  SCI - HUNTINGDON                 INSTITUTION NO: BE4713

AS RECORDED ON 03/30/2001 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE HAS DETERMINED THAT THE FAIR ADMINISTRATION OF JUSTICE
MAY BE ACHIEVED THROUGH YOUR RELEASE ON REPAROLE, AND SUBJECT TO YOUR
COMPLIANCE WITH ALL OF THE TERMS AND CONDITIONS OF REPAROLE SUPERVISION.  YOU
ARE THEREFORE:

REPAROLED TO IN-PATIENT ALCOHOL AND OTHER DRUG TREATMENT PROGRAM.  YOU SHALL
ENTER INTO AND ACTIVELY PARTICIPATE IN THE IN-PATIENT TREATMENT PROGRAM UNTIL
SUCCESSFULLY DISCHARGED BY THE PAROLE SUPERVISION STAFF.  YOU SHALL ABIDE BY
ALL THE ESTABLISHED RULES AND REGULATIONS OF THE IN-PATIENT TREATMENT PROGRAM.
ANY VIOLATION OF THE PROGRAM RULES OR REGULATIONS MAY CONSTITUTE A VIOLATION
OF PAROLE AND RESULT IN YOUR ARREST.  YOU MUST SIGN AN APPROPRIATE RELEASE
FORM FOR CONFIDENTIAL INFORMATION.  A APPROVED HOME TO BE AVAILABLE PRIOR TO
RELEASE IF PROGRAM LESS THAN 30 DAYS(.)
BEFORE YOU CAN BE RELEASED, YOU SHALL PROVIDE PROOF OF PAYMENT OF AT LEAST
$30.00 OF MANDATORY COURT COSTS, IN ACCORDANCE WITH 18 P.S. {11.1101}.

OUT-PATIENT DRUG/ALCOHOL TREATMENT AS A SPECIAL CONDITION OF YOUR REPAROLE
SUPERVISION UNTIL THE TREATMENT SOURCE AND/OR PAROLE SUPERVISION STAFF
DETERMINE IT IS NO LONGER NECESSARY. YOU SHALL BE REQUIRED TO SIGN THE

(CONTINUE ON PAGE

PAROLE VIOLATION MAX DATE:  05/28/2004
CC: DISTRICT ATTORNEY

*Kathleen Zwierzyna*

KATHLEEN ZWIERZYNA
BOARD SECRETARY

CLIENT COPY
JEFFREY MOSER                     BE4713
SCI - HUNTINGDON
1100 PIKE STREET
HUNTINGDON, PA        16654-1112

**DC-804**
PART 1

*Second submission Part 1*
*further DC.O.C. 1748*

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

*Exhibit attached in support of Exhaustion (see. (B)*

| OFFICIAL INMATE GRIEVANCE | GRIEVANCE NO. | |
|---|---|---|

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| S.C.C. Hummingbird (mr. Ranny) | S.C.C.M | 5/24/01 |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| Jeffrey Moser BE4713 | Jeff Moser |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| Disabled Prisoner | EA-1006- Doubled-up |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

* A.D.A. (Pursuant to DC-ADM) 006   VE (4)(F) Grievance.

I was recently granted parole 3/30/2001 and I am told (now) Have on a waiting list, awaiting a Bed Date for a Short-term outpatient alcohol program though the Region 2 C.C.C. which is under the authority of The Pa. D.O.C.) I strongly believe I am being Discriminated Against in this Process, Due to my Needed medical Treatments & medications (i.e. Disabilities) As I see others who are Not Disabled) Get Bed Dates in The Near Future and Leave Prison. Why I am overlooked Due to my Needs and/or Disabilities, I am Ambulatory if I Take medications, and can make It Through a Short-Term Program (30 days) without a Doctor (if I Take The proper medication) I should not continuously Be skipped over on The List in Violation of (A.D.A. statue(s) Title 42 U.S.C. 12132 & 12131) DC-ADM-006 (V)(E) and I ask for Assistance and relief in This matter, Please see Exhibit

B. Actions taken and staff you have contacted before submitting this grievance: I wish To Get Back To my own Doctors & Family.

Wrote Prison Parole office, Wrote Parole Board Chairman, Wrote superintendent Kyler For Assistance, spoke to Dr. Kimber, U.S. Justice Dept. (Civil rights and constitutional rights office) (4) separate Ave. my hearing For Disabled. (see attached)

I Therefore Comply with The Order of Exhaustion (C.C.C. Pa.) Request Monetary Damages if Not Resolved.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
        Signature of Grievance Coordinator                              Date

**WHITE**—Grievance Coordinator Copy    **CANARY**—File Copy    **PINK**—Action Return Copy    **GOLDENROD**—Inmate Copy

Exhibit (c)

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**    * No Monetary Damage Slot Provided *    GRIEVANCE NO.

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

B. Actions taken and staff you have contacted before submitting this grievance:

_____

_____

_____

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____        _____
Signature of Grievance Coordinator                    Date

WHITE—Grievance Coordinator Copy        CANARY—File Copy        PINK—Action Return Copy        GOLDENROD—Inmate Copy

— Exhibit (D) —

J.C. Blair Hospital

Warm Spring Ave

Huntingdon, Pa. 16652

(814) 643-8624

( M.R.I. Report / Results )

Date of M.R.I. 4/23/2001

Date Recieved 5/1/2001 ( Dr. Kimber )

Impressions:

1.) Post-operative changes, s/p Left Hemilaminectomy at L4-L5
There is a moderate sized Left Para-central Disc Herniation at this
level with obliteration of the fat in the left lateral recess and
abutting the L5 nerve root.  This most likely accounts for the
patient symptoms.

2.) There is a small Para-central Disc Herniation a L5-S1
which is moderate Right Foramminal Narrowing. The Disc Herniatio
Does not appear to abutt any of the nerve roots (or) Displace the
thecal sac.   a.) Evidence of congenital spine stenosis with
congenitally short Pedicles.    ( End of Impression )

At L3-L4, there is a mild Diffuse Disc Bulge which in
conjunction with Congenitally short Pedicle's, is producing
mild central Canal stenosis and mild to moderate Bilateral
Foramminal Narrowing...

* Copy made out of inmates medical Record, [word for word]
( 5-1-2001 / 10 Am, ) Please Refer to original record and Mosers Rights
as a Civil litigant (Pro-se)...*

* Certification of Service,
I, Jeffery Moser served Kenneth Kyler, with
a true copy of this Document, to affirm my
Need for medical attention and stronger
Pain management medication.
   Sworn too: Jeff Moser  5/4/01